UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CONSOLIDATED                                        CIVIL ACTION
ENVIRONMENTAL MANAGEMENT,
INC. AND NUCOR STEEL
LOUISIANA, LLC

VERSUS                                              NO. 16-1432

REGINA MCCARTHY,                                    SECTION "R" (1)
ADMINISTRATOR, UNITED
STATES ENVIRONMENTAL
PROTECTION AGENCY

## ORDER AND REASONS

Defendant Regina McCarthy, administrator of the Environmental

Protection Agency (EPA), moves to dismiss Nucor Steel Louisiana, LLC's

claim for lack of subject matter jurisdiction.[1]  For the following reasons, the

EPA's motion is GRANTED.

## I.     BACKGROUND

Plaintiffs are Consolidated Environmental Management, Inc. and

Nucor Steel Louisiana, LLC.  Nucor operates pig iron and direct reduced iron

(DRI) manufacturing facilities near the town of Convent, St. James Parish,

---

[1]      R. Doc. 16.

Louisiana.  In conjunction with the construction and operation of these facilities, Nucor received various permits from the Louisiana Department of Environmental Quality (LDEQ), including Louisiana Prevention of Significant Deterioration permits and Louisiana Title V permits for both pig iron and DRI.  These permits are authorized under the Clean Air Act, and LDEQ has been approved by the EPA to administer these permitting programs.  *See* 42 U.S.C. § 7661a(d); 40 C.F.R. § Pt. 70, App. A.

On January 27, 2011, LDEQ issued Nucor a Title V permit for the DRI processing facility and modified a previous permit for the pig iron processing facility.[2]  Consistent with LDEQ regulations, LDEQ also issued PSD permits for both the DRI and pig iron facilities concurrently with the Title V permits.[3]  The PSD permits have since been modified.[4]  The EPA did not object to these permits pursuant to 42 U.S.C. § 7661d(b)(1).[5]

On May 3, 2011, the Zen-Noh Grain Corporation, the Louisiana Environmental Action Network ("LEAN"), and the Sierra Club petitioned the EPA to object to the DRI permits.[6]  On March 24, 2012, the EPA granted in

---

[2]     R. Doc. 1 at 7 ¶ 20.  This modified permit, Title V permit No. 2560-00281-V1 was stayed the same day it was issued.  R. Doc. 16-4 at 2.

[3]     R. Doc. 1 at 7 ¶ 21.

[4]     *Id.* at ¶ 22.

[5]     *Id.* at 8 ¶ 27.

[6]     *Id.* at 9 ¶¶ 36-37.

part Zen-Noh's petition ("2012 Order").[7]  On June 21, 2012, LDEQ submitted a response to the 2012 Order.  The EPA treated this response as a new proposed permit subject to petitions for an objection under section 7661d(b)(2).[8]  The Sierra Club and LEAN submitted a new petition to the EPA asking it to object to LDEQ's response, which the EPA denied in part on June 19, 2013 ("2013 Order").[9]  The EPA did not address all of the issues raised by Sierra Club and LEAN in the 2013 Order, but addressed the remaining issues in its January 30, 2014 order ("2014 Order").[10]  The 2014 Order granted the petitions in part and denied them in part.[11]  LDEQ submitted a response to the 2014 Order, and consistent with its previous practice, EPA treated this response as a new proposed permit.[12]

On February 19, 2016, Nucor filed this citizen suit alleging that the EPA failed to take nondiscretionary actions and/or unreasonably delayed taking mandatory actions as required by the Clean Air Act, and violated the

---

[7]   *Id.* at ¶ 40.

[8]   *Id.* at 12-13 ¶¶ 54-55.  Zen-Noh then brought suit against the EPA alleging that EPA failed to perform a nondiscretionary duty under the Clean Air Act by not terminating, modifying, or revoking Nucor's permits pursuant to 42 U.S.C. §7661d(b)(2) and (c).  This Court rejected Zen-Noh's argument, finding that the challenged actions were discretionary.  *See Zen-Noh Grain Corp. v. Jackson*, 943 F. Supp. 2d. 657, 660 (E.D. La. 2013).

[9]   R. Doc. 16-2 at 6.

[10]   R. Doc. 1 at 14 ¶ 65.

[11]   *Id.*

[12]   R. Doc. 16-2 at 7.

Administrative Procedure Act by issuing orders that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.[13] Plaintiffs seek an order vacating the EPA's 2012 and 2014 Orders. They also seek a declaratory judgment stating what actions the EPA can and cannot take, and establishing that Nucor's four permits are valid, enforceable, and free and clear of any continuing EPA objection.[14]  In response, the EPA has filed this motion to dismiss for lack of subject matter jurisdiction.[15]  Nucor filed a response in opposition to the EPA's motion,[16] and the EPA replied.[17]

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess power over only those cases authorized by the United States Constitution and federal statutes. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).  If a district court lacks jurisdiction over the subject matter of a plaintiff's claims, dismissal is required. *See* Fed. R. Civ. P. 12(b)(1).  In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts,

---

[13]    R. Doc. 1 at 3.
[14]    R. Doc. 1 at 24-25.
[15]    R. Doc. 16.
[16]    R. Doc. 20.
[17]    R. Doc. 27.

or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not ordinarily prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

A rule 12(b)(1) motion is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor

of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

## III.   THE CLEAN AIR ACT

This case arises under the Clean Air Act (CAA), 42 U.S.C. §§ 7401–7671q (2006). The CAA aims to "protect and enhance the quality of the Nation's air resources so as to promote the public health and welfare and the productive capacity of its population." *Id.* § 7401(b)(1). In pursuit of this goal, the CAA provides a role for the EPA, the states, and public citizens themselves. The following is a brief overview of the respective roles of these three players.

The EPA sets national ambient air quality standards (NAAQS) for certain air pollutants. *Id.* § 7409(a)(1). The states submit plans to the EPA for achieving and maintaining these standards. *Id.* § 7407(a). State governors also designate areas within their states as: (1) nonattainment, if the area does not meet the standards; (2) attainment, if the area meets the standards; and (3) unclassifiable, if the area cannot be classified on the basis

of available information.  *Id.* § 7407(d). The facilities at issue in this case are located in an area designated as attainment or unclassifiable for all NAAQS.

Further rules, known as the Prevention of Significant Deterioration Program (PSD), attach to areas designated as attainment or unclassifiable. The PSD requires facilities that emit air pollution in excess of certain thresholds to obtain a permit prescribing its emission limitations before it begins constructing or modifying a major stationary emission source.  *Id.* §§ 7475(a), 7479(1).

As to facility operations, Title V of the CAA implements a nationwide system of operating permits.  Title V makes it unlawful to operate major sources of air pollution "except in compliance with a permit issued by a permitting authority."  *Id.* § 7661a(a); *see also Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 741-42 (9th Cir. 2008). A permitting authority is the "air pollution control agency authorized by [the EPA] to carry out a permit program" in a state or local jurisdiction. 42 U.S.C. § 7661(4); *Sierra Club v. EPA*, 536 F.3d 673, 674 n.1 (D.C. Cir. 2008).  The relevant permitting authority for this case is the Louisiana Department of Environmental Quality.

While the state and local permitting authorities issue permits, the EPA can review proposed permits and object to them if "any permit contains

provisions that are . . . not in compliance" with law.  42 U.S.C. § 7661d(a)(1), (b)(1).  If the EPA does not object, any person may petition the Administrator to object.  *Id.* § 7661d(b)(2). The Administrator must object to the permit if the petitioner "demonstrates to the Administrator that the permit is not in compliance with the [CAA's] requirements."  *Id.*  If the EPA objects to an already-issued permit, the "Administrator shall modify, terminate, or revoke such permit and the permitting authority may thereafter only issue a revised permit."  *Id.* § 7661d(b)(3).  If the permitting authority fails to submit a revised permit within 90 days of an objection, the "Administrator shall issue or deny the permit in accordance with the requirements of this subchapter." *Id.* § 7661d(c).  Notably, "no objection shall be subject to judicial review until the Administrator takes final action to issue or deny a permit under this subsection."  *Id.*

## IV.   DISCUSSION

Nucor's complaint asserts that the EPA failed to take nondiscretionary action in the form of either modifying, terminating, or revoking the permits in question, and/or that EPA has unreasonably delayed in taking mandatory action.  The EPA responds that one of the permits that Nucor seeks to have this Court declare valid has since expired and has been replaced, making that

8

claim moot.  Additionally, the EPA argues that Nucor has not established standing, and that the citizen suit provision in the Clean Air Act does not provide jurisdiction over Nucor's claims to relief.  Because this Court concludes that it lacks jurisdiction over the substance of Nucor's complaint, it does not reach EPA's standing or mootness arguments.

### A.    Sovereign Immunity

Suits against officials of the United States in their official capacities, including the EPA Administrator, are barred if there is no waiver of sovereign immunity.  *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963).  Nucor alleges that jurisdiction is proper based on the waiver of immunity in the citizen suit provision of the Clean Air Act, which states:

> The district courts shall have jurisdiction . . . to order the Administrator to perform such act or duty, as the case may be, and to apply any appropriate civil penalties (except for actions under paragraph (2)). The district courts of the United States shall have jurisdiction to compel (consistent with paragraph (2) of this subsection) agency action unreasonably delayed, except that an action to compel agency action referred to in section 7607(b) of this title which is unreasonably delayed may only be filed in a United States District Court within the circuit in which such action would be reviewable under section 7607(b) of this title.

42 U.S.C. § 7604.  Nucor also alleges that the Court has jurisdiction under the Administrative Procedure Act, which also gives federal courts the power to review final agency action and to compel agency action unreasonably

delayed.  5 U.S.C. §§ 704, 706.  Alternatively, Nucor relies on caselaw and the All Writs Act to argue that the Court has jurisdiction over its claims.

### 1.   *Clean Air Act*

The Court will consider Nucor's argument under the Clean Air Act first. In its complaint, Nucor brings two claims under the Clean Air Act.  First, it alleges that in failing to "modify, terminate, or revoke" the objected-to permits under 42 U.S.C. § 7661d(b)(3), or "issue or deny" the permits under 42 U.S.C. § 7661d(c), the EPA has (1) failed to take nondiscretionary action, and (2) has unreasonably delayed in taking mandatory action.  42 U.S.C. § 7604.  This Court has already found that the EPA's duty to "modify, terminate, or revoke" is discretionary, and therefore an action to compel the EPA to modify, terminate, or revoke the permits in question does not fall within the scope of the citizen suit provision's waiver of sovereign immunity. *See Zen-Noh*, 943 F. Supp. 2d at 660.  This is because the EPA's duty to "modify, terminate, or revoke" has no statutory deadline, and because the regulatory framework of the Clean Air Act provides the EPA with discretion over when it acts.[18]  *Id.* at 661.  The same is true with respect to the EPA's

---

[18]      To be clear, in finding that the action is discretionary, this Court is not concluding that the action is not mandatory.  On the contrary, "shall does mean shall," but the existence of a mandatory obligation does not make it nondiscretionary for the purpose of section 7604(a)(2).  *Zen-Noh*, 943 F. Supp. 2d at 665.

duty to "issue or deny" permits under 42 U.S.C. § 7661d(c), which is also discretionary.

In addition, to the extent that Nucor asks this Court to review EPA's objections to its permits, the Fifth Circuit has established that the EPA's objections are not final agency action, and therefore judicial review of the objections is barred by the plain language of 42 U.S.C. § 7661d(c).  *See* 42 U.S.C. § 7661d(c) ("No objection shall be subject to judicial review until the Administrator takes final action to issue or deny a permit under this subsection."); *Louisiana Dept. of Env. Quality v. EPA*, 730 F.3d 446, 449 (5th Cir. 2013) (holding that "[b]ecause the EPA has not 'take[n] final action to issue or deny a permit under [title V],' § 7661d(c) bars judicial review of the Objection") (citation omitted).

Although Nucor's second claim, its "unreasonable delay" claim, is within the ambit of the Court's authority under the citizen suit provision, the Court has no authority to grant the relief Nucor requests.  Nowhere does Nucor ask this Court to order the EPA to take an action that has been unreasonably delayed.  Instead, Nucor seeks an order vacating the EPA's objections to its permits.  It also seeks a declaratory judgment stating how the EPA should conduct the objection process under 42 U.S.C. § 7661d and holding that Nucor's four permits are "valid, enforceable, and free and clear

11

of any continuing EPA objection."[19]   The citizen suit provision does not confer jurisdiction to grant this relief.  *See Sierra Club v. Browner*, 130 F. Supp. 2d. 78, 89 (D.D.C. 2001).  This Court does not have jurisdiction to vacate the EPA's objections, *Louisiana Dept. of Env. Quality*, 730 F.3d at 449, or to order the EPA to take discretionary actions in relation to Nucor's permits.[20]  *Zen-Noh*, 943 F. Supp. 2d at 660-61.

Courts have consistently held that the citizen suit provision in the Clean Air Act authorizes no relief "beyond 'order[ing] the Administrator to perform [a non-discretionary] act or duty [or] compel[ling] . . . agency action unreasonably delayed.'"  *Browner*, 130 F. Supp. 2d. at 89 (quoting 42 U.S.C. § 7604(a)); *see also, e.g.*, *Sierra Club v. Johnson*, 444 F. Supp. 2d 46, 60 (D.D.C. 2006).  This means that the Clean Air Act restricts a district court's authority to "address the content of EPA's conduct, to issue substantive determinations of its own, or grant other forms of declaratory relief." *Browner*, 130 F. Supp. 2d at 90; *Johnson*, 444 F. Supp. 2d at 60.  Here, the

---

[19]   R. Doc. 1 at 24-25.
[20]   To the extent that Nucor is suggesting that EPA's objections are an unconstitutional deprivation of Nucor's permits without due process, Nucor does not explain how these objections or anything done by the EPA could amount to a constitutional deprivation, especially considering that the permits are currently valid.  Nevertheless, even if Nucor intended to allege a due process claim, it does not plead enough facts to state a plausible claim. *Iqbal*, 556 U.S. at 678 (2009).

declaratory relief that Nucor seeks would necessarily require the Court to assess the substance of the EPA's actions or inactions, a review that is expressly reserved for the appropriate court of appeals under 42 U.S.C. § 7607(b).

### 2.    Administrative Procedure Act

Nucor also alleges that the Court has jurisdiction under the Administrative Procedure Act, which also gives federal courts the power to review final agency action and to compel agency action unreasonably delayed.  5 U.S.C. §§ 704, 706.  But the APA makes clear that it does not "affect[] other limitations on judicial review" or "confer[] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought."  *Id.* § 702; *see also Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) (noting that Congress did not intend the APA to "duplicate the [] established special statutory procedures relating to" review of agency action).  Here, the waiver of sovereign immunity in section 7604 of the Clean Air Act provides an adequate remedy for Nucor's claims, and section 7661d(c) provides "other limitations on judicial review," which foreclose review in this context.  *Louisiana Dept. of Env. Quality*, 730 F.3d at 449; *see discussion supra*.  Therefore, this Court does not have jurisdiction over Nucor's claims under the APA.  *See Environmental*

13

*Integrity Project v. EPA*, 160 F. Supp. 3d 50, 54 (D.D.C. 2015); *see also* 5 U.S.C. § 704 (noting that review under the APA is limited to "agency action . . . for which there is *no other adequate remedy in a court*") (emphasis added); *Louisiana Dept. of Env. Quality*, 730 F.3d at 449 (finding that § 7661d(c) of the Clean Air Act bars judicial review under the APA).

Nucor's argument that the Supreme Court decision in *Sackett v. EPA*, 132 S. Ct. 1367 (2012), suggests that jurisdiction exists under the APA is unavailing. In *Sackett*, the Court found that an EPA compliance order under the Clean Water Act that subjected landowners to daily fines was a "final agency action" with no other adequate remedy in a court, thus allowing review under the APA. 132 S. Ct. at 1371-72. Here, not only does Nucor have an adequate remedy via the Clean Air Act citizen suit provision, but also, as explained above, it is also not challenging any final agency action. *See Luminant Generation Co., L.L.C. v. EPA*, 757 F.3d 439, 443 (5th Cir. 2014) (distinguishing *Sackett* from Clean Air Act case that did not challenge final agency action). Therefore, the Court does not have jurisdiction under the APA to address Nucor's claims.

### 3.   *Nonstatutory Review*

Nucor's arguments that two other decisions, *Leedom v. Kyne*, 358 U.S. 184 (1958), and *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S.

682 (1949), support a finding of jurisdiction are similarly unpersuasive. *Kyne* allows for district court review that is otherwise precluded when an agency acts beyond its authority in denying a statutorily created right, and absent review by the district court, plaintiffs have no other means to protect and enforce that right. *Bd. of Governors of Fed. Reserve Sys. v. MCorp Fin., Inc.*, 502 U.S. 32, 43 (1991). This argument fails because, as stated earlier, Nucor has another means to protect and enforce its rights (the Clean Air Act's citizen suit provision). Additionally, as the Supreme Court in *MCorp*, *supra*, points out, *Kyne* does not apply when Congress makes clear (as it has done in the Clean Air Act) that judicial review is limited. *Id.* at 44.

Furthermore, *Larson*, which allows for the denial of sovereign immunity to a federal official alleged to have committed unlawful conduct, does not give this Court jurisdiction. *Larson* is limited to cases seeking relief from individual officers, and is therefore not applicable to this case, where plaintiffs seek to restrain not only Administrator McCarthy, but also, the actions of the EPA itself. *Larson*, 337 U.S. at 688 (noting that when suits seek to restrain the actions of government agencies, they are "barred, not because it is a suit against an officer of the Government, but because it is, in substance, a suit against the Government over which the court, in the absence of consent, has no jurisdiction").

15

4.    *All Writs Act*

Nucor also argues that the Court has authority under the All Writs Act, 28 U.S.C. §1651(a), to hear its claims and grant its requested relief.  The All Writs Act authorizes the Court to grant "all writs necessary or appropriate in aid of [its] jurisdiction[] and agreeable to the usages and principles of law." *Id.*  The All Writs Act does not avail plaintiffs here for two reasons. First, the All Writs Act does not create or enlarge jurisdiction, and does not allow this Court to provide relief that is outside the Court's jurisdiction.  *See, e.g.*, *Singh v. Duane Morris LLP*, 538 F.3d 334, 341 (5th Cir. 2008).  As the Court lacks jurisdiction under the Clean Air Act to grant the relief Nucor requests, the All Writs Act is not applicable.  Second, the authority granted in the All Writs Act is an "extraordinary remedy," which should not be issued unless the issuing court is satisfied that it is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004); *State of La. v. Geason*, No. 00-144, 2000 WL 782067, at *2 (E.D. La. June 16, 2000) (quoting *ITT Community Development Corp. v. Barton*, 569 F.2d 1351, 1358-59 (5th Cir. 1978)).  This case does not warrant this extraordinary remedy.

## V.     CONCLUSION

For all of the foregoing reasons, Nucor's claims are dismissed.  The EPA's motion to dismiss is GRANTED.


New Orleans, Louisiana, this __22nd__ day of November, 2016.


SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

17